UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**GS HOLISTIC, LLC,**

    Plaintiff,

v.                                      Case No. 3:22-cv-1217-HES-SJH

**ZAIDAL BLUE SKY INVESTMENTS
CORP d/b/a I LAVA YOU, WISAM
MHESSIN, and FADI SHAHLA,**

    Defendants.
_____/

## O R D E R

This matter is before the Court on Defendants' oral motion to dismiss this case with prejudice. Dkt. 58.

The plaintiff—GS Holistic, LLC ("GS Holistic")—filed this suit on November 4, 2022, alleging that Zaidal Blue Sky Investments Corporation, LLC and its owners—Wisam Mhessin and Fadi Shahla—violated the Lanham Act by selling a counterfeit smoke infuser bearing a trademark owned by GS Holistic. (Dkt. 1). On June 7, 2023, this Court issued an Oder, which, among other things, scheduled a final pretrial conference for October 16, 2024. (Dkt. 27). That order warned the parties that failure to appear at the final pretrial conference "**will subject the party or attorney to appropriate sanctions under the rules, and may cause dismissal or striking of all pleadings**

**of the failing party or person.**" (*Id.* at 11) (emphasis in original).

Plaintiff's counsel did not heed that warning. While Defendants' counsel drove six hours to attend the final pretrial conference, GS Holistic's counsel—David Perry of the Ticktin Law Group—failed to appear. (Dkt. 57). When this Court contacted the Ticktin Law Group via telephone, a representative from the firm stated the date of the final pretrial conference had been incorrectly calendared and nobody from the firm would be appearing. At the end of the conference, Defendants orally moved to dismiss this case with prejudice. (Dkt. 57-58). As this Court stated on the record, this case will be dismissed without prejudice because of the Ticktin Law Group's conduct both in this case and in countless others across this district.

The Ticktin Law Group has an extensive, well-documented history of violating court orders, the Federal Rules of Civil Procedure, and the Local Rules. At least two judges in this district have described one former Ticktin attorney—Gabrielle Alexa Penalta—as careless due to her persistent failure to follow the Local Rules. *Imiracle (HK) Limited v. Okie Smoky LLC, et al.*, 3:22-cv-1389-MMH-MCR, Dkt. 40 at 2-3 (J. Howard) (describing Ms. Penalta as "exceedingly careless," noting that she had incurred "countless orders to show cause" based on a host of violations); *Imiracle (HK) Limited v. Puff Paradise, LLC et al.*, 8:22-cv-2909-SCB-JSS, Dkt. 22 (J. Bucklew) (noting that Ms. Penalta "ha[d] been cautioned numerous times by the judges of the Middle

2

District about her carelessness in prosecuting her cases."). Because counsel has persistently violated the Local Rules, multiple courts in this district have dismissed cases handled by the Ticktin Law Group. *GS Holistic, LLC v. Kinder Combs 7 LLC*, 3:22-cv-1206-TJC-LLL, Dkt. 20 at 3 (dismissing six cases handled by the Ticktin Law Group in a single order); *Imiracle (HK) Limited v. Angry Pitbull Vap & Smoke Shop, Inc., et al.*, 8:22-cv-2857-JLB-SPF, Dkt. 23 (dismissing a case for failure to prosecute).[1]

Though many violations committed by Ticktin attorneys are relatively minor, some have been egregious enough to warrant serious sanctions. On May 12, 2023, the Honorable Virginia M. Hernandez Covington sanctioned Ms. Penalta under Rule 11 because she "made misrepresentations to the Court which were objectively frivolous and which she knew to be false," "never had evidentiary support for [the plaintiff's] trademark infringement" claims, and "doubled down on th[o]se claims despite actual knowledge that they were untrue." *GS Holistic, LLC v. Brother Pastor LLC*, 8:22-cv-2179-VMC-TGW, Dkt. 34 at 14 (J. Covington). Around six months later, another court in this district sanctioned Peter Ticktin—the head of the Ticktin Law Group—for failing to properly investigate a trademark claim before filing it and providing

---

[1] *See also Imiracle (HK) Limited v. Smoktek LLC, et al.*, 8:22-cv-2867-MSS-JSS, Dkt. 10 (same); *Imiracle (HK) Limited v. South Pacific Life, Inc., et al.*, 8:22-cv-2897, Dkt. 21 (same).

excuses that "appear[ed] to have been manufactured for the sanctions hearing and in, some instances, the moment." *Glob. Glass Techs., Inc. v. Rsch. Frontiers, Inc.*, 8:20-CV-2517-MSS-AEP, Dkt. 144, 149 at 141, 174 at 14 (J. Scriven).

On November 29, 2023, this Court issued a sealed order referring Mr. Ticktin to the Florida Bar and the Grievance Committee for the Middle District of Florida for consistently failing to ensure that inexperienced attorneys at his firm were properly supervised, as required by the Florida Rules of Professional Conduct. *Imiracle (HK) Limited v. Baymeadows Vape Inc et al.*, 3:22-cv-1396, Dkt. 26. In that order, this Court cited a host of violations committed by Ticktin attorneys and included a chart documenting multiple violations committed in each of the 104 cases that Ms. Penalta has filed in this district. *Id.* at 13-21. Still, even after multiple Rule 11 sanctions and a referral to two bar associations, attorneys from the Ticktin Law Group have continued violating court orders and rules. *See GS Holistic, LLC v. T&M Tobacco, Inc.*, 3:22-cv-1205-WWB-LLL, Dkt. 28 (striking the plaintiff's witness list for violating Section I.C.1 of the Middle District Discovery Handbook).[2]

---

[2] *See also GS Holistic, LLC v. SD And SK LLC, et al.*, 3:22-cv-1334-HLA-PDB, Dkt. 30 (finding that the plaintiff failed to show good cause as to why the case should not be dismissed when the plaintiff mistakenly named the wrong defendants); *GS Holistic, LLC v. Skgonagandla, LLC, et al.*, 8:22-cv-2184-CEH-CPT, Dkt. 43 (stating, in response to an order to show cause, that the plaintiff's counsel violated Local Rule 1.10 because the deadline to move for a

The Ticktin Law Group's continued disregard for court orders and rules warrants dismissal. A court may dismiss a case for failure to prosecute under its inherent authority to manage its docket. *Link v. Wabash R. Co.*, 82 S. Ct. 1386, 1389 (1962). When determining whether to exercise that authority, a court may consider counsel's failure to appear at a pretrial conference. *Id.* at 1391 (explaining that "the failure to appear at a pretrial conference may, in the context of other evidence of delay, be considered by a District Court as justifying a dismissal with prejudice."). Here, dismissal is warranted because, as explained above, counsel's absence at the final pretrial conference is merely part of the Ticktin Law Group's long history of violating court orders and rules.

The Ticktin Law Group's excuse—that it mis-calendared the date of the pretrial conference—is insufficient. Ticktin attorneys routinely mis-calendar deadlines, often resulting in orders to show cause. *See Okie Smoky LLC, et al.*, 3:22-cv-1389-MMH-MCR, Dkt. 40 at 2-4 (warning Ms. Penalta that she "must track her deadlines and learn the Rules or risk sanctions" after Ms. Penalta responded to an order to show cause by stating that she had mis-calendared a deadline).[3] In fact, earlier this month, Mr. Perry filed a trial brief late in

---

default judgment was improperly calendared); *GS Holistic v. Fumoo LLC d/b/a Fumoo Smoke Shop, et al.*, 8:24-cv-1945-KKM-SPF, Dkt. 6-7 (noting that the plaintiff violated a court order directing it to file a corporate disclosure statement).

[3] *Baymeadows Vape Inc., et al.*, 3:22-CV-1396, Dkt. 14 (stating, in response to an order to show cause, that the plaintiff's counsel did not file a case

5

another matter before this Court because he miscalculated the deadline. *GS Holistic, LLC v. Yulee Smoke Shop Inc. et al.*, 3:22-cv-1195, Dkt. 33-34. Because the Tickton Law Group's persistent failure to calendar deadlines is counsel's fault, Mr. Perry's explanation for missing the final pretrial conference does not weigh against dismissal. *Link*, 82 S. Ct. at 1391 (1962) (upholding a dismissal under the district court's inherent authority where counsel's error was caused by circumstances within his control).

Accordingly, it is **ORDERED** that:

1. Defendants' motion to dismiss is granted to the extent that this case is dismissed without prejudice, but this Court retains jurisdiction to determine the issue of attorney's fees; and

2. Defendants may move for attorney's fees by October 30, 2024.

**DONE and ENTERED** at Jacksonville, Florida this 23rd day of October, 2024.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

---

management plan within the timeframe prescribed by the Local Rules because she had mis-calendared the deadline); *Imiracle (HK) Limited v. Kick Butts Vapor LLC et al.*, 3:22-cv-1390-HES-LLL, Dkt. 12 (stating, in response to an order to show cause, that the plaintiff's counsel had missed the deadline to move for a default judgment because she had not properly calendared it); *Skgonagandla, LLC, et al.*, 8:22-cv-2184-CEH-CPT, Dkt. 43 (stating, in response to an order to show cause, that plaintiff's counsel violated Local Rule 1.10 because the deadline to move for a default judgment was mis-calendared).

Copies to:
David Lawrence Perry, Esq.
Peter Ticktin, Esq.
Kenneth L. Minerly, Esq.
Ashley Darnelle Adras, Esq.